**TEXAS EASTERN TRANSMISSION CORP., Appellant,**

v.

**Mack ALLEN et al., Appellees.**

Court of Appeals of Kentucky.

May 13, 1955.

Rehearing Denied Oct. 21, 1955.

A. J. Deindoerfer, Boehl Stopher Kilgarriff, Graves & Deindoerfer, Louisville, Pat Rankin, Stanford, for appellant.

James F. Clay, Danville, Robert M. Spragens, Lebanon, for appellees.

WADDILL, Commissioner.

During the year of 1951, the appellant, Texas Eastern Transmission Corporation, acquired an easement across the farm of appellees, Mack and Florence Allen, for the purpose of constructing a pipeline. Thereafter the company changed the route of the pipeline across the Allen farm and laid the line without obtaining the necessary right of way from the Allens. The company's efforts to adjust the controversy amicably with the Allens were unavailing, so the company proceeded to condemn the land in question under the provisions of the Federal Natural Gas Act, 15 U.S.C.A. § 717f(h), using the procedure for condemnation prescribed in KRS 416.230–416.-310.

Pursuant to the filing of the condemnation proceedings in the county court, com-

missioners were appointed who awarded the Allens damages in the sum of $2,790. The company's exceptions to the award were overruled, and after judgment was entered, it prosecuted an appeal to the circuit court on the ground that the damages allowed were excessive. While that appeal was pending, the Allens filed a separate action against the company seeking damages for trespass.

By consent of the parties the court consolidated the trespass suit with the condemnation appeal and impaneled a jury to decide the damage issue. Following a hearing the court submitted the case to the jury on interrogatories prepared by the company which required the jury to itemize all damages allowed. In response thereto, the jury returned a verdict awarding appellees' damages in the total sum of $3,025.

■ The first alleged error raised on this appeal concerns an occasion during a recess of the trial when someone, who was not personally interested in the outcome of the litigation, served soft drinks to the jury. In considering this complaint we realize that the personal comfort and convenience of the jurors should always have careful consideration. However, we cannot officially approve of any conduct which is conducive to prejudice the members of the jury or which might tend to. disturb the decorum of the trial. Inasmuch as the event was not shown to have been instigated or participated in by anyone directly or indirectly interested in the litigation and in view of the fact that it occurred during a court recess and in the presence of the trial judge, we do not think the incident constituted prejudicial error. See Am.Jur., Vol. 39, Sec. 97, pp. 111–113.

The appellant next insists that the jury's award of $2,500 damages for the destruction of a farm road and a spring on appellees' property caused by the construction of the pipeline, was excessive and was not supported by competent evidence. In view of the fact that the record on this appeal contains pleadings and proof in consolidated actions—trespass and condemnation—we are constrained to consider the

contentions made in the light of the procedural status of the case.

We think the evidence authorized the damage in dispute. Sam Belcher testified that he had been employed by several companies engaged in the construction of pipelines and was familiar with appellees' farm before and after the appellant constructed a pipeline thereon. He stated that in his opinion the reasonable cost of restoring the right of way on appellees' farm to the condition it was in prior to the time the pipeline was constructed was $3,140 and he further testified in detail as to how he computed the amount of cost involved.

Another witness, Lewis Cox, testified that he had lived in the immediate neighborhood of appellees' farm all his life and was familiar with the value of appellees' land. Mr. Cox stated that during the course of the construction of the pipeline the appellant continually hauled heavy equipment over appellees' farm road and also operated large bulldozers thereon. The effect of these operations, as related by Mr. Cox, was to destroy the usefulness of the road. This witness further testified that he had farmed appellees' land in 1928 and was acquainted with the value of the spring on the property which he said had never gone dry and was daily used in the farming operations, particularly to water the livestock. It was his opinion that appellees' land was worth $150 per acre and that the appellant's operations in constructing the pipeline had completely destroyed the farm road and spring. When asked his opinion as to the damage to the 107-acre tract of appellees by reason of the destruction of the spring, Mr. Cox said he was of the opinion that the difference in the value of the farm before and after damage to the spring was $1,500 and that the damage done to the farm road was $1,000. The testimony of several other witnesses was to the same effect, but their opinions varied as to the amount appellees' farm was damaged.

■ While it appears that some incompetent evidence was permitted to be introduced on the damage issue, such evidence was merely cumulative and was not

prejudicial in this case because the verdict was fully authorized by sufficient competent evidence. We have also considered the question raised as to the excessiveness of the verdict, and while we think it was liberal, it was not excessive.

We have considered other contentions advanced by the appellant and we are of the opinion that they do not have sufficient merit to cause a reversal of the judgment.

Judgment affirmed.

MONTGOMERY, J., not sitting.